# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### LUFKIN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR PRP TRUST, SERIES 2024 COTTAGE-TT-VI,<br>       PLAINTIFF,<br><br>v.<br><br>CLIFFORD E CARTER, KRISTY CARTER, ET AL.,<br>       DEFENDANTS. | CIVIL ACTION NO. 9:25-CV-310 |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

The above captioned plaintiff complains of the herein named defendants, stating as follows:

### I.     JURISDICTION AND VENUE

1. The plaintiff predicates this Court's jurisdiction under 28 U.S.C. § 1331 and the claims it makes herein against an agency and/or officer of the United States of America under 28 U.S.C. § 2410

2. The object of the plaintiff's claims is certain property situated in this judicial district in Polk County, Texas. Venue is thus proper in this district and division.

### II.     PARTIES

3. The Plaintiff is U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR PRP TRUST, SERIES 2024 COTTAGE-TT-VI, Plaintiff may be served with all pleadings, discovery, or other

communications related to the above styled and numbered cause through its undersigned counsel of record.

4. Defendant Clifford E Carter is an individual and may be served with process at 503 North 2nd Street, Livingston, Texas 77351.

5. Defendant Kristy Carter is an individual and may be served with process at 503 North 2nd Street, Livingston, Texas 77351.

6. Defendant The United States of America is an agency and/or officer of the United States of America sued only in an official capacity, and may be served with process in accordance with Federal Rule of Civil Procedure 4(i)(2).

7. Defendant Blue World Pools, Inc. c/o Michael Warren is a corporation and may be served with process at 10859 Emeral Coast Parkway, W4-101, Destin, Florida 32550.

### III.     BREACH OF CONTRACT

8. On July 09, 2019 Defendant(s) Clifford E Carter  made, executed and delivered that one certain note, in writing, a true and correct copy of which is attached hereto and incorporated herein for all purposes as **Plaintiff's Ex. No. 1** (the "Note").

9. On July 09, 2019 Defendant(s) Clifford E Carter and Kristy Carter made, executed and delivered that one certain deed of trust to secure the Note with the Property described thereon (the "Property), a true and correct copy of which along with any related instruments and modifications thereof, if any, are attached hereto and incorporated herein for all purposes as **Plaintiff's Ex. No. 2** (the "Deed of Trust"). Property is described with particularity on the Deed of Trust. By executing the Deed of Trust, such grantor(s) granted a lien on and recourse to the Property for breach thereunder.

10. Plaintiff is the assignee of the Deed of Trust under those certain assignment(s),

true and correct copy or copies of which is or are attached hereto and incorporated herein for all purposes with **Plaintiff's Ex. No. 2.**

11. The obligation evidenced by the Note and Deed of Trust will sometimes hereinafter be referred to as the "Loan."

12. To Plaintiff's detriment, the promisor(s) under the Note and the grantor(s) under the Deed of Trust have failed and refused to pay amounts that have come due under the Loan.

13. Plaintiff duly notified all parties so entitled of said default under the Loan and its intent to accelerate the indebtedness via letter(s), a true and correct copy or copies of which describing said default with particularity is or are attached hereto and incorporated herein for all purposes as **Plaintiff's Exhibit No. 3** (the "Notice of Default"). Said default persists.

14. The continued breach under the Loan has directly and proximately caused damage to Plaintiff in that amounts due to Plaintiff remain unpaid, and in that Plaintiff is incurring fees and expenses to enforce its rights under the Loan and protect its interest in the Property. Plaintiff therefore declares the entire balance owed under the Loan due and payable. Plaintiff's records reflect that the entire balance due and payable under the Loan, and secured under the Deed of Trust, as of November 28,2025, is at least $137,590.83.

15. The terms of the Loan require that it be repaid in installments. Such promise was breached to the detriment of Plaintiff. Plaintiff is thus entitled to judgment for all amounts due under the Loan (including, principal, pre-judgment interest, reasonable attorneys' fees and expenses, advances, costs and post-judgment interest) to be charged to the Property, and judgment for judicial foreclosure upon the lien against the Property securing such amount.

### IV.   TITLE INTEREST DEFENDANT(S)

16. Defendant The United States of America through its officer The Secretary of

Housing and Urban Development claims an interest in the Property under those certain instruments, true and correct copies of which are attached hereto and incorporated herein for all purposes as **Plaintiff's Exhibit No. 4**. "[T]he United States may be named a party in any civil action or suit in any district court, or in any state court having jurisdiction of the subject matter . . . to foreclose a mortgage or other lien upon . . . real property on which the United States has or claims a mortgage or other lien." 28 U.S.C. 2410(a). Section 2410 both creates a right of action and waives sovereign immunity. See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 317 n.4, 125 S. Ct. 2…. The United States of America's interest in the Property is subject to and/or inferior to Plaintiff's interest in the Property under the Deed of Trust. Plaintiff thus seeks judgment as to the United States of America that its interest in the Property under said instruments be extinguished via the herein sought judicial foreclosure sale, subject of course to the right to surplus proceeds and the right to otherwise enforce said instruments.

17. Defendant Blue World Pools, Inc. claims an interest in the Property under those certain instruments, true and correct copies of which is attached hereto and incorporated herein for all purposes as **Plaintiff's Exhibit No. 5**. Said defendant's interest in the Property is subject to and/or inferior to Plaintiff's interest in the Property under the Deed of Trust. Plaintiff thus seeks judgment as to said defendant that its interest in the Property under said instrument be extinguished via the herein sought judicial foreclosure sale, subject of course to the right to surplus proceeds and the right to otherwise enforce said instrument.

## V. ATTORNEYS' FEES

18. Pursuant to the terms of the Loan, Plaintiff is entitled to recover its reasonable attorneys' fees and costs incurred in prosecuting this action. Plaintiff seeks to recover its reasonable and necessary attorneys' fees and costs of Court, to be charged to the Property.

**PRAYER**

WHEREFORE, Plaintiff requests that the defendant(s) named herein be cited to appear and answer herein, and that Plaintiff have and recover a judgment for the amounts owed to it under the loan and for attorneys' fees and costs of Court to be charged to the Property, as well as judicial foreclosure of the Property. Plaintiff prays further for any such further relief to which it may be entitled.

Respectfully Submitted,
**PADGETT LAW GROUP**

/s/ Ronny George
Michael J. Burns, SBN 24054447
Ronny George, SBN 24123104
546 Silicon Drive, Suite 103
Southlake, Texas 76092
Email: txattorney@padgettlawgroup.com
(850) 422-2520 Telephone
(850) 422-2567 Facsimile
*Counsel for the Plaintiff*